**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES,**

    **Plaintiff,**

v.                                            **Case No. 8:20-cv-1794-T-36AAS**

**THU PHAN DINH, TRAN**
**KHANH, and NGUYEN**
**DUY TOAN,**

    **Defendants.**
_____/

## ORDER

The plaintiff, the United States, seeks an order authorizing alternate service, by email, on the defendants, Thu Phan Dinh, Tran Khanh, and Nguyen Duy Toan. (Doc. 2).

**I.  BACKGROUND**

The United States seeks injunctive relief under 18 U.S.C. § 1345 against the defendants. (Doc. 1, ¶¶ 33–36). The United States alleges the defendants violated, are violating and are about to violate 18 U.S.C. §§ 1343, 1349 "by executing schemes and artifices to defraud for obtaining money or property by means of false or fraudulent representation with the intent to defraud, and, in so doing, use wire communications." (*Id.* at ¶ 34).

The complaint alleges the defendants are engaged in a wire fraud scheme by selling products—most recently, health and safety items that became scarce because of the COVID-19 pandemic. (*Id.* at ¶¶ 20–21). The defendants created websites

1

fraudulently claiming to be online e-commerce stores and requiring the consumers to pay for the goods through PayPal, but once the consumers paid, no additional information was provided, and the consumers never received the products. (*Id.* at ¶¶ 22–24). The defendants registered hundreds of websites with registrar GoDaddy.com. (*Id.* at ¶ 26).

In the current motion for alternate service, the United States asserts the defendants' current locations are unknown, but Mr. Khanh and Mr. Toan may be in Vietnam.[1] (Doc. 2, pp. 4–6). The United States explains the email addresses provided to GoDaddy.com to set up the websites are the same ones used to set up the PayPal accounts.[2] (*Id.* at p. 6). The United States supports this contention with its declaration from Special Agent Felix Romero with United States Immigration and Customs Enforcement, Homeland Security Investigations. (Doc. 4-1). From emails obtained through search warrants, the defendants are actively using these email addresses to correspond with each other: thupdph04900@gmail.com, namkhanh1605@gmail.com, and toan.nguyenduy@gmail.com. (*Id.* at ¶ 86).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure outline the procedure for service upon an individual located outside the United States. Fed. R. Civ. P. 4(f). The Rule provides:

> Unless federal law provides otherwise, an individual [. . .] may be served

---

[1] The United States intends to attempt service on Mr. Khanh and Mr. Toan at the addresses listed with GoDaddy.com. (Doc. 2, p. 13).

[2] Mr. Toan provided a different email address to GoDaddy.com than the one provided to PayPal. (Doc. 2, p. 6). The United States also seeks to include that other email address (vinh.macthe@gmail.com) in its request to serve by email. (*Id.* at p. 7).

2

at a place not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Without an "internationally agreed means reasonably calculated to give notice such as those means authorized by the Hague Convention," the court must look at the remaining provisions of subsection 4(f) of the Federal Rules of Civil Procedure. *Prewitt Enters. Inc., c. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 922–23 (11th Cir. 2003).

Compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (Hague Convention) is "mandatory in all cases to which it applies." *Volkswagen AG v. Schlunk,* 486 U.S. 694, 705 (1988). The Hague Convention

"requires each state to establish a central authority to receive requests for service of documents from other countries." *Id.* at 698.

> Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. The central authority must then provide a certificate of service that conforms to a specified model. A state also may consent to methods of service within its boundaries other than a request to its central authority.

*Id.* at 699 (internal citations omitted). But the Hague Convention does not apply when the defendant's location is unknown. *See Chanel, Inc. v. Zhixian*, No. 10–CV–60585, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010).

### III.  ANALYSIS

Since the defendants' locations are not known, the court can skip the analysis on whether the Hague Convention allows email service. The court can exercise its discretion in ordering alternate method of service under Rule 4(f)(3) that fulfills the due process requirements. *Chanel, Inc. v. Lin*, No. 08–23490–CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009). In exercising its discretion under Rule 4(f)(3), the court is limited to approving a method of service that fulfills constitutional due process requirements in which the party receives "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts find that service by email comports with due process when standard service of process cannot be achieved because all of the addresses used to register websites and domain names are "false, incomplete, or

4

invalid for service of process." *Zhixian*, 2010 WL 1740695, at *1; *see also Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process.").

Here, the United States proposes to serve Mr. Dinh at thupdph04900@gmail.com, Mr. Khanh at namkhanh1605@gmail.com, and Mr. Toan at vinh.macthe@gmail.com and toan.nguyenduy@gmail.com. The United States seeks to use these email addresses because the United States received email records showing the defendants actively using these email addresses to communicate among themselves. (*See* Doc. 4-1) (Special Agent Romero's declaration discussing the Google records about the email accounts used to register web domains with GoDaddy.com). Thus, service to theses email addresses is reasonably calculated to apprise the defendants of this litigation and to allow the defendants to present their objections, fulfilling the due process requirements.

### IV.   CONCLUSION

Because the defendants' locations are unknown and the court can exercise its discretion in ordering alternate method of service, the United States' motion for an order authorizing alternate service of process on the defendants (Doc. 2) is **GRANTED.** The United States may serve Mr. Dinh at thupdph04900@gmail.com, Mr. Khanh at namkhanh1605@gmail.com, and Mr. Toan at vinh.macthe@gmail.com and toan.nguyenduy@gmail.com by email by sending (1) the complaint; (2) the summons; (3) the civil cover sheet; (4) the motion for temporary restraining order and

order to show cause why a preliminary injunction should not be issued; and (5) a copy of this order to those email addresses.

      **ORDERED** in Tampa, Florida, on August 4, 2020.

                                          */s/ Amanda Arnold Sansone*

                                          AMANDA ARNOLD SANSONE
                                          United States Magistrate Judge